UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

LAURA BRAGA, individually and as administratrix of the Estate of WAYNE BRAGA, JOHN BRAGA, and SHEILA BRAGA

                                   Plaintiffs,

-against-

SUPERINTENDANT RAYMOND J. CUNNINGHAM, DOCTOR MERVAT MAKRAM, CORRECTION OFFICER CLARKE, CORRECTION OFFICER MANKIN, JOHN DOE CORRECTION OFFICER ##1-5, NURSE O'KEEFE, NURSE ALBERTI, JOHN DOE NURSE ##1-5, JOHN DOE DOCTOR ##1-5,

                                   Defendants.

------------------------------------------------------------ x

**COMPLAINT AND JURY DEMAND**



RECEIVED
MAR 27 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seeks relief for the violation of their rights secured by 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2. The claim arises from a December 10, 2006 incident in which employees of the New York State Department of Corrections ("D.O.C."), including correction officers, nurses and supervisors, acting under color of law, were deliberately indifferent to the serious medical needs of Wayne Braga, leading to his wrongful death.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the

Eighth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs JOHN BRAGA and SHEILA BRAGA are the parents of decedent WAYNE BRAGA, who died without issue.

8. Prior to the commencement of this action, plaintiff LAURA BRAGA, who is the sister of WAYNE BRAGA, was granted letters of limited administration for the estate of decedent WAYNE BRAGA, by order of the Honorable John A. Fusco, Judge of the Richmond County Surrogate's Court.

9. In bringing this action against the above named defendants, plaintiff LAURA BRAGA acts in her individual capacity and in her representative capacity on behalf of the estate of Wayne Braga.

10. SUPERINTENDANT RAYMOND J. CUNNINGHAM ("Cunningham") was at all times here relevant the Superintendant of Woodbourne Correctional Facility ("Woodbourne") and, as such, was the supervisor of Correction Officer Clarke, Correction Officer Mankin, Nurse O'Keefe, Nurse Alberti, John Doe Correction Officer ## 1-5, John Doe Nurse ## 1-5, and John Doe Doctor ## 1-5. Cunningham was also responsible for overseeing and implementing emergency health services protocols at Woodbourne. Cunningham is sued in his individual capacity.

11. DOCTOR MERVAT MAKRAM ("Makram") was at all relevant times the Facility Health Services Director at Woodbourne and, as such, was responsible for implementing and overseeing emergency health care procedures at Woodbourne. Makram is sued in his individual capacity.

12. Correction Officer Clarke, Correction Officer Mankin, and John Doe Correction Officer ##1-5 were correction officers, captains, and other D.O.C. employees responsible for the custody, care and control of Wayne Braga on December 10, 2006. They are sued in their individual capacities.

13. Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5 are nurses and doctors working for D.O.C. and responsible for Wayne Braga's medical care and treatment on December 10, 2006. They are sued in their individual capacities.

14. At all times defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF INTENT TO FILE SUIT

15. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## CERTIFICATE OF MERIT

16. Pursuant to CPLR §3012-a, a Certificate of Merit is attached, affirming that plaintiff has spoken with at least one doctor and has a reasonable basis to bring a medical malpractice cause of action.

## JOINT LIABILITY

17. This action falls within one or more of the exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS

18. Wayne Braga ("Braga") was an inmate housed at Woodbourne Correctional Facility ("Woodbourne") at all times complained of. He had been diagnosed with Sleep Apnea, a serious medical condition that causes the patient episodically to stop breathing during sleep, and which elevates the patient's risk of heart failure. Defendants were aware Braga suffered from this condition.

19. On the evening of December 10, 2006, Braga was in his cell; Correction Officers Clarke and Mankin failed to conduct their required visual checks and thus failed to notice that that Braga had slipped into a state of unconsciousness.

20. During the 11:00 P.M. count, it was discovered by John Doe Correction Officers that Braga had become unconscious. Nurses O'Keefe and Alberti did not arrive until 11:20, however. When the nurses did arrive, they made no attempts at resuscitation. Treatment was delayed while a stretcher was sought, and a key was sought for a locked door. Since the key was never found, Braga had to be carried to a medical clinic the long way, which took an additional five minutes. Braga did not reach the clinic until 11:40 P.M; a rescue vehicle did not reach the prison until 11:50 P.M. In the interim, there were no attempts to resuscitate Braga.

21. Braga was dead on arrival at Catskills Regional Medical Center. He died of acute cardiac failure, with no resuscitative intervention.

22. As a direct and proximate result of the acts of defendants, Braga suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment;

4

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

    c.    Needless physical pain and suffering;

    e.    Death.

### FIRST CAUSE OF ACTION
(42 U.S.C. § 1983- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

23.    The above paragraphs are here incorporated by reference.

24.    Defendants acted under color of law to deprive Wayne Braga of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. § 1983 and Article 1, §§ 5 and 6 of the New York State Constitution.

25.    Defendants had actual knowledge of Wayne Braga's serious medical needs, and were deliberately indifferent to those needs.

### SECOND CAUSE OF ACTION
(MEDICAL MALPRACTICE)

26.    The preceding paragraphs are here incorporated by reference.

27.    Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5, agreed and undertook faithfully, skillfully, diligently and carefully, and in accordance with approved and accepted standards of practices, procedures and techniques and the customs and common usages prevailing in hospitals and health treatment settings, to sell, furnish and supply proper, necessary and indicated care, treatment, attention and supervision to D.O.C. inmates, including Wayne Braga, and to sell, furnish, supply, provide and make available the necessary and indicated personnel and services here alleged.

28.   Plaintiffs relied on the accreditation of Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5 and the protection and safeguards afforded by them when admitted to Woodbourne Correctional Facility.

29.   Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5 owed Braga a duty of care to provide him with medical care in accordance with the accepted standards of care in the community and to use in their evaluation and care of Braga approved methods in general use, to use reasonable care and skill, and to use their best judgment in the evaluation and care of Braga.

30.   Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5, their agents, servants, partners and employees were negligent in the treatment, services and care rendered to and on behalf of Braga; in failing to use reasonable care in the services and care rendered to an on behalf of Braga; in failing to timely diagnose and treat Braga; in failing to prescribe proper medications; in failing to heed his condition; in failing to perform indicated procedures; in improperly performing indicated procedures; in failing to take a history and physical and mental examination of Braga; in failing to take a proper history and physical and mental examination of Braga; in failing to properly and adequately document Braga's medical and/or psychological and/or psychiatric condition; in failing to administer indicated diagnostic tests; in failing to properly interpret diagnostic tests; in failing to perform indicated treatments; in improperly performing indicated treatments; in failing to properly diagnose the condition of Braga; in failing to initiate and administer adequate and proper follow-up care to Braga; in negligently departing from good and accepted medical practice and procedures then and there prevailing in services rendered to Braga; in failing to heed or appreciate the significance of the signs and symptoms exhibited by Braga; in improperly prescribing medication; in improperly

administering medication; in failing to timely refer Braga to specialists; in failing to properly treat Braga's condition; and in otherwise being negligent, careless, and reckless in the diagnosis and treatment of Braga.

31. The medical treatment rendered to Braga by Nurse O'Keefe, Nurse Alberti, John Doe Nurse ##1-5, and John Doe Doctor ##1-5, their agents, servants, partners and employees was performed negligently and carelessly and was rendered in a manner which departed from the standard of good and accepted medical practice then and there prevailing, and constituted medical malpractice.

32. By reason of the above, Wayne Braga sustained great pain, agony, injury, suffering, disability, hospitalization, and death, as well as mental anguish and emotional distress, and was damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORT)

33. All preceding paragraphs are here incorporated by reference.

34. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 5 and 6 of the New York State Constitution.

35. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 5 and 6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FOURTH CAUSE OF ACTION
(NEGLIGENCE)

36. All preceding paragraphs are here incorporated by reference.

37. Defendants had a duty to Braga to promptly and accurately assess his medical,

psychological, and psychiatric conditions, and to ensure that inamtes could receive prompt and competent emergency care, including the use of defibrillators for appropriate intervention and resuscitation.

38. Defendants breached that duty.

39. Defendants' breaches actually and proximately caused Braga's death.

## FIFTH CAUSE OF ACTION
(WRONGFUL DEATH)

40. All preceding paragraphs are here incorporated by reference.

41. As a direct and proximate result of defendants' negligence, Braga suffered mortal injury to his heart and on December 10, 2006, Braga died from such injury.

42. As a direct and proximate result of the foregoing Braga suffered loss of income and John and Sheila Braga were deprived of financial support, care, support, love and affection of Braga.

43. As a result of the above mentioned occurrence, plaintiffs were damaged in an amount in excess of all jurisdictional limits of lower courts which may have otherwise had jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff for $10,000,000 for each cause of action;

B. Awarding plaintiff punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    Brooklyn, New York
          March 20, 2008

TO:

Raymond J. Cunningham
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Doctor Mervat Makram
Facility Health Services Director
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Correction Officer Clarke
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Correction Officer Mankin
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Nurse O'Keefe
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Nurse Alberti
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788

Yours, etc.,

ANDREW B. STOLL (AS8808)
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

LAURA BRAGA, individually and as administratrix of the Estate of WAYNE BRAGA, JOHN BRAGA, and SHEILA BRAGA

         Plaintiffs,  **CERTIFICATE OF MERIT**

-against-

               ECF CASE

RAYMOND J. CUNNINGHAM, CORRECTION OFFICER CLARKE, CORRECTION OFFICER MANKIN, JOHN DOE CORRECTION OFFICER ##1-5, NURSE O'KEEFE, NURSE ALBERTI, JOHN DOE NURSE ##1-5, JOHN DOE DOCTOR ##1-5,

         Defendants.
------------------------------------------------------------- x

I, ANDREW B. STOLL, PLAINTIFFS' ATTORNEY IN THIS ACTION, HAVE CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE RELEVANT ISSUE AND I HAVE CONCLUDED THAT THERE IS A REASONABLE BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, I affirm this Certificate of Merit under penalties of perjury.

March 20, 2008

_____
Andrew B. Stoll, AS8808
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn NY 11217
P. 718 852-3710
astoll@stollglickman.com