UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LAURA BRAGA, individually and as : ELECTRONICALLY FILED
administratrix of the Estate of WAYNE BRAGA, :
JOHN BRAGA, and SHEILA BRAGA, :
:
       Plaintiffs, : 08-CV-03141 (RWS)
:
    - against - :
:
SUPERINTENDENT RAYMOND J. :
CUNNINGHAM, et al., : **ANSWER TO COMPLAINT**
:
       Defendants. : ***JURY TRIAL DEMANDED***
-----------------------------------------------------------x

    Defendants Superintendent Raymond J. Cunningham, Dr. Mervat Makram, Correction Officers James Clark and Todd Mahnken, and Nurses Dorothy O'Keeffe and Sharon Alberti, in their individual capacities (hereinafter the "Defendants"), by way of answer to the allegations of the Complaint, deny all allegations not expressly admitted herein, and aver as follows:[1]

## AS TO THE PRELIMINARY STATEMENT

    1.    Defendants contend that no response is required. To the extent that one is required, Defendants admit the allegations in paragraph 1 of the Complaint to the extent that the Plaintiffs' action, purports to arise under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments, and the laws and constitution of New York State, and otherwise deny.

    2.    Defendants deny the allegations contained in paragraph 2 of the Complaint, except that there was an incident on December 10, 2006, involving Wayne Braga ("Inmate Braga"), who

---

[1] Defendants, on an individual basis, answer allegations directed toward other individuals on the basis of information and belief. References to "paragraph(s)" herein are to the numbered paragraphs of the Complaint. Defendants will refer to the correct spelling of former Correction Officers James Clark and Todd Mahnken, and Nurse Dorothy O'Keeffe, rather than as they are spelled in the Complaint.

was then an inmate at Woodbourne Correctional Facility ("Woodbourne C.F.").

3.  Defendants contend that no response is required. To the extent that one is required, Defendants deny that Plaintiffs are entitled to any relief.

## AS TO JURISDICTION

4.  Defendants contend that no response is required. To the extent that one is required, Defendants admit that Plaintiffs purport to assert the allegations in paragraph 4 of the Complaint that the Plaintiffs' action arises under 42 U.S.C. § 1983, and purports to assert that this Court has jurisdiction under 28 U.S.C. § 1331, deny that this Court has jurisdiction over any state law claims, and otherwise deny.

5.  Defendants contend that no response is required. To the extent that one is required, Defendants deny.

6.  Defendants contend that no response is required. To the extent that one is required, Defendants admit that venue is properly laid within the Southern District of New York.

## AS TO PARTIES

7.  Defendants deny for lack of knowledge or information sufficient to form a belief as to the assertions in paragraph 7 of the Complaint.

8.  Defendants admit the assertions in paragraph 8 of the Complaint to the extent that they are consistent with state court records, and otherwise deny.

9.  Defendants deny for lack of knowledge or information sufficient to form a belief as to the assertions in paragraph 9 of the Complaint.

10. Answering the allegations in paragraph 10 of the Complaint, Defendant Raymond J. Cunningham admits that he is the superintendent at Woodbourne C.F. with the duties incumbent to

that position, and otherwise deny.

11.  Answering the allegations in paragraph 11 of the Complaint, Defendant Mervat Makram admits that she is the Facility Health Services Director at Woodbourne C.F. with the duties incumbent to that position, and otherwise deny.

12.  Answering the allegations in paragraph 12 of the Complaint, Defendants Correction Officers Clark and Mahnken admits that they are correction officers at Woodbourne C.F. with the duties incumbent to those positions, and otherwise deny.  Defendants deny for lack of sufficient knowledge and information regarding the allegations against the "John Doe" Correction Officer defendants.

13.  Answering the allegations in paragraph 13 of the Complaint, Defendants Nurses O'Keeffe and Alberti admit that they are nurses at Woodbourne C.F. with the duties incumbent to those positions, and otherwise deny.  Defendants deny for lack of sufficient knowledge and information regarding the allegations against the "John Doe" Nurse and Doctor defendants.

14.  The allegations of paragraph 14 of the Complaint express a legal conclusion to which no response is required.

**AS TO NOTICE OF INTENT TO FILE SUIT**

15.  Defendants lack knowledge or information sufficient to form a belief as to the assertions in the first sentence of paragraph 15 of the Complaint, but admit that Plaintiffs filed a written Notice of Claim with the New York State Office of the Attorney General on October 17, 2007.  Defendants admit the allegations in the second sentence of paragraph 15 of the Complaint, but deny that filing a Notice of Claim entitles Plaintiffs to bring any claim alleged in this Complaint.

## AS TO CERTIFICATE OF MERIT

16.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint, but deny that C.P.L.R. § 3012-a confers any rights on Plaintiffs applicable to this case.

## AS TO JOINT LIABILITY

17.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint, but deny that C.P.L.R. § 1602 confers any rights on Plaintiffs applicable to this case.

## AS TO THE FACTUAL ALLEGATIONS

18.    Defendants admit the allegations in paragraph 18 of the Complaint, to the extent that Inmate Braga was housed at Woodbourne C.F. at all times complained of in the Complaint, and that Inmate Braga had been diagnosed with sleep apnea, and had been given a breathing machine with instructions on how to use it, but Defendants Correction Officers Clark and Mahnken admit only that they were aware of Inmate Braga's general disposition, and deny that they were made aware of Inmate Braga's specific medical condition, and otherwise deny.

19.    Defendants admit that Inmate Braga was in his cell on December 10, 2006, and otherwise deny the allegations in paragraph 19 of the Complaint.

20.    Defendants deny the allegations in paragraph 20 of the Complaint.

21.    Defendants deny the allegations in paragraph 21 of the Complaint.

22.    Defendants deny the allegations in paragraph 22 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

23.    With respect to the allegations in paragraph 23 of the Complaint, Defendants refer

to the responses given to paragraphs 1 through 22 above.

    24.    Defendants deny the allegations in paragraph 24 of the Complaint.

    25.    Defendants deny the allegations in paragraph 25 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

    26.    With respect to the allegations in paragraph 26 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 25 above.

    27.    As to the allegations in paragraph 27 of the Complaint, Defendants admit that Defendants Nurses O'Keeffe and Alberti have duties incumbent to their positions, and otherwise deny.

    28.    Defendants deny the allegations in paragraph 28 of the Complaint.

    29.    Defendants deny the allegations in paragraph 29 of the Complaint.

    30.    Defendants deny the allegations in paragraph 30 of the Complaint.

    31.    Defendants deny the allegations in paragraph 31 of the Complaint.

    32.    Defendants deny the allegations in paragraph 32 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

    33.    With respect to the allegations in paragraph 33 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 32 above.

    34.    Defendants deny the allegations in paragraph 34 of the Complaint.

    35.    Defendants deny the allegations in paragraph 35 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

    36.    With respect to the allegations in paragraph 36 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 35 above.

37. As to the allegations in paragraph 37 of the Complaint, Defendants deny.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

### AS TO THE FIFTH CAUSE OF ACTION

40. With respect to the allegations in paragraph 40 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 39 above.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

### AS TO THE WHEREFORE CLAUSE

44. With respect to the "Wherefore" clause of the Complaint, no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

### DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs' state law claims of medical malpractice, constitutional tort, negligence, and wrongful death fail, in whole or in part, because such claims are not cognizable under 42 U.S.C. § 1983. To the extent that these claims are cognizable, Defendants contend that, once federal constitutional claims are dismissed, the Court, under 28 U.S.C. § 1367(c)(3), has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

47. Plaintiffs' Complaint should be dismissed in its entirety as against Defendants Superintendent Cunningham, Dr. Makram, and Correction Officers Clark and Mahnken because the Complaint fails to allege personal involvement by these defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

48. To the extent that Plaintiffs are unsuccessful, in whole or in part, in litigating factual issues, or mixed questions of fact and law, in their corresponding Court of Claims action, Plaintiffs would be collaterally estopped from relitigating those same factual issues, or mixed questions of fact and law, in the Complaint before this Court.

49. To the extent that Plaintiffs are successful, in whole or in part, in recovering any damages or attorney's fees in their corresponding Court of Claims action, any damages or attorney's fees recovered would offset any damages or attorney's fees that may be provided to the Plaintiffs through the Complaint before this Court.

50. Plaintiffs' state law claims in this Complaint should be dismissed because they are duplicative of the state law claims asserted in Plaintiffs' corresponding Court of Claims action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

51. To the extent that Plaintiffs are successful, in whole or in part, in recovering any damages or attorney's fees through judgment or at trial against the "John Doe" Correction Officers ##1-5 or "John Doe" Nurses ##1-5, or "John Doe" Doctors ##1-5, any damages or attorney's fees recovered would offset any damages or attorney's fees that may be provided to the Plaintiffs through the Complaint before this Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52.     Plaintiffs' negligence, and other state law, claims fail pursuant to the statutory immunity provided as to such claims against DOCS personnel, and DOCS consultants or contracted health care providers, under N.Y. CORR. LAW §§ 24 & 24-a, and in any event, this Court should decline to exercise jurisdiction over any state law claims once federal constitutional claims are dismissed, pursuant to 28 U.S.C. § 1367(c)(3).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53.     Plaintiffs' claims against the Defendants are barred, in whole or in part, by the doctrine of qualified immunity in that their conduct did not violate clearly established law or that Defendants could reasonably believe that their conduct did not violate clearly established law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

54.     Plaintiffs' claims against the Defendants fail in that Inmate Braga's injuries were largely attributable to his own culpable conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55.     To the extent required, Plaintiffs failed to exhaust the administrative remedies that may have been available.

### JURY DEMAND

56.     Defendants demand a jury trial of all issues appropriate for jury determination.

WHEREFORE, Plaintiffs' Complaint should be dismissed with prejudice, and the Defendants should be awarded their costs, together with such other and further relief which this Court deems just and proper.

Dated:  New York, New York
        August 5, 2008

                           ANDREW M. CUOMO
                           Attorney General of the
                            State of New York
                           <u>Attorney for Defendants</u>

By: <u>s/ Frederick Wen</u>
    FREDERICK H. WEN (FW-7588)
    Assistant Attorney General
    120 Broadway
    New York, New York 10271
    212-416-6536
    212-416-6075/6076/6009 (fax)

**DECLARATION OF SERVICE**

      FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on August 5, 2008, he served the annexed Answer to Complaint by having it electronically mailed to counsel for the Plaintiffs via ECF, with a courtesy copy sent via the United States Postal Service, at the following addresses:

                Andrew Brian Stoll, Esq.
                Stoll, Glickman & Bellina, LLP
                71 Nevins Street
                Brooklyn, NY 11217
                astoll@stollglickman.com

                s/ Frederick Wen
                FREDERICK H. WEN (FW-7588)
                Assistant Attorney General
                120 Broadway
                New York, New York 10271
                (212) 416-6536
                Fred.Wen@oag.state.ny.us

Executed on August 5, 2008